UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. FALLS, JR. and KIMBERLY FALLS,<br><br>    Plaintiffs,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., HONEYWELL SAFETY PRODUCTS USA, INC., APPLIED INDUSTRIAL TECHNOLOGIES, INC., AND SPERIAN FALL PROTECTION, INC.,<br><br>    Defendants. | Case No. 1:22-cv-366 |

## FURTHER ORDER ON MOTION TO COMPEL
### (Doc. 12)

    Plaintiff Richard A. Falls, Jr. was seriously injured on February 15, 2020, when he fell off a parked rail car in the course of his employment by Cargill, Inc. at the company's bulk salt facility in Watkins Glen, New York. This product liability lawsuit concerns alleged defects in the fall restraint system issued to workers such as Mr. Falls.

    Cargill, Inc. operated the rail yard where Mr. Falls was injured. Cargill is not a party. Pursuant to the court's order dated January 5, 2023., counsel for Cargill has provided two documents for in camera review. These documents have been withheld from discovery on grounds of work-product privilege.

    F.R.Civ.P. 26(b)(3) codifies the work-product privilege. Materials prepared in anticipation of litigation are protected unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." F.R.Civ.P. 26(b)(3)(ii). "The purpose of the doctrine is to establish

a zone of privacy for strategic litigation planning and to prevent one party from piggybacking on the adversary's preparation." *States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995).

The court finds that both documents meet the requirements of the work-product privilege. They were prepared because of the likelihood of litigation. The lawsuit was not filed until March 2022, but it was reasonable to anticipate that a claim of some sort was coming. The principal issue is whether these initial investigative materials qualify for the substantial need exception.

The first document is an email "recap" that summarizes the plant manager's evaluation of how the accident occurred. It is preliminary and describes his initial working theory of what occurred. The email contains no witness statements or other first-hand evidence. It is a brief summary of the very early stages of Cargill's investigation. There is no substantial need to release this document to plaintiff's counsel.

The second document is a series of photographs of the scene with captions showing where the Cargill investigators believed Mr. Falls fell and other information. It also includes photos of various forms of fall restraint gear. The photos of the accident scene were taken very soon after the accident.

The court is satisfied that the plaintiff has demonstrated a substantial need to review the photos of the accident scene. This is essentially contemporaneous evidence, no longer available since the rail cars have long since moved. It also contains important evidence of the gap between cars, the location where Mr. Falls landed, and the route he took in search of assistance. The court has no reason to believe that this information is available from any other source.

## CONCLUSION

The court GRANTS in part the motion to compel production of material submitted for in camera review (Doc. 12). The court does not order the release of the email from Keith Klug. The court does order the release of the "Watkins Glen: Bulk Rail Injury" PowerPoint collection of photographs with the captions. This production is subject to the parties' confidentiality agreement and protective order. (Doc. 11).

Dated at Rutland, in the District of Vermont, this 15th day of February, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court